```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE SANTOS,                                               :
                                                           :
                              Plaintiff,                   :
                                                           :         OPINION AND ORDER
              -v-                                          :
                                                           :         20-CV-9349 (JLC)
                                                           :
SOFA DOCTOR, INC.,                                         :
                                                           :
                              Defendant.                   :
-----------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have submitted a joint "fairness" letter-motion dated November 11, 2021 (Dkt. No. 33) and a fully executed settlement agreement (Dkt. No. 33-1) ("the Agreement") for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). They have also submitted a form consenting to my jurisdiction to review the settlement papers under 28 U.S.C. § 636(c), which Judge Engelmayer has approved (Dkt. Nos. 33-3, 34).

Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Having carefully reviewed the joint fairness letter-motion submitted by the parties as well as the Agreement, the Court finds that all of the terms of the Agreement (including the allocation of attorneys' fees and costs) appear to be fair and

reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)), except for the terms related to "no re-employment" and mutual non-disparagement.[1]

The Court has previously rejected a "no re-employment" provision in *Cruz v. Relay Delivery, Inc.*, No. 17-CV-7475 (JLC), 2018 WL 4203720 (S.D.N.Y. Sept. 4, 2018). The parties in paragraph 15 of their Agreement have specifically provided for "no re-employment or reinstatement." As the Court stated in *Cruz*:

> Provisions that require plaintiffs to waive future employment with defendants are "highly restrictive provision[s] in 'strong tension with the remedial purposes of the FLSA.'" *Baikin v. Leader Sheet Metal, Inc.*, No. 16-CV-8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (quoting *Cheeks*, 796 F.3d at 206). As a result, "[c]ourts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Burgos v. Ne. Logistics, Inc.*, No. 15-CV-6840 (CBA) (CLP), 2018 WL 2376481, at *7 (E.D.N.Y. Apr. 26, 2018) (collecting cases), *adopted by*, 2018 WL 2376300 (E.D.N.Y. May 24, 2018). Moreover, the parties herein "offer not a shred of explanation—and cite no cases—to justify inclusion of" this provision. *Nieto v. Izzo Constr. Corp.*, No. 15-CV-6958 (RML), 2018 WL 2227989, at *2 (E.D.N.Y. May 14, 2018) (denying motion for approval of settlement agreement containing, *inter alia*, a "no-reemployment/no-rehire clause").

2018 WL 4203720, at *1. *See also Flores v. Greenwich BBQ LLC*, No. 20-CV-9514 (ER), 2021 WL 2228969, at *2 (S.D.N.Y. May 21, 2021) (rejecting settlement agreement's no re-hire provision). The parties have included in paragraph 15 their

---

[1] The Court's approval of the allocation of attorneys' fees should not be construed as an approval of the hourly rate of plaintiff's counsel. Nor should approval of the Agreement be deemed an approval of the tax allocations to which the parties have agreed in paragraph 5.

2

agreement that "the Court may limit or strike this paragraph if necessary for approval of this Agreement." The Agreement also contains a severability provision at paragraph 17, which provides in part: "The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other provisions shall remain fully valid and enforceable." Consistent with both the severability provision and the language in paragraph 15, the Court hereby strikes paragraph 15 and deems it unenforceable for the reasons it set forth in *Cruz*.

As for the parties' non-disparagement provision in paragraph 13, the Court in *Howard v. Don Coleman Advertising, Inc.*, No. 16-CV-5060 (JLC), 2017 WL 773695 (S.D.N.Y. Feb. 28, 2017), ruled that any mutual non-disparagement provision must include a carve-out for truthfulness:

> Courts in this District have held that while "not all non-disparagement clauses are *per se* objectionable, if the provision 'would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the [FLSA] and . . . is not fair and reasonable." *Martinez v. Gulluoglu LLC,* No. 15-CV-2727 (PAE), 2016 WL 206474, at *1–2 (S.D.N.Y. Jan. 15, 2016) (citations omitted).

2017 WL 773695, at *2. *See also Payano v. 1652 Popham Assocs., LLC*, No. 17-CV-9983 (HBP), 2019 WL 464231, at *4 (S.D.N.Y. Feb. 6, 2019) (approving non-disparagement clause providing that "nothing in this Section shall be construed to prohibit Plaintiff from making truthful statements concerning his experience litigating the Civil Action").

Here, as in *Howard*, the non-disparagement provision in paragraph 13 contains no such carve-out. Like the paragraph pertaining to no-reemployment, this paragraph also provides that the parties agree that the Court may strike or limit the paragraph as necessary to approve the Agreement. Accordingly, the Court approves this paragraph, as it is mutual, but notes that it should be read to allow for plaintiff to make truthful statements about his experience litigating his case, and not merely in response to a subpoena or as a result of a court order (as explicitly provided in paragraph 13).

In sum, the Agreement (except for the no re-employment provision in paragraph 15 and the non-disparagement provision in paragraph 13, except as modified) is approved.

The Clerk is directed to mark the letter-motion at Docket No. 33 as "granted, except as noted in the Court's Opinion and Order dated November 16, 2021," and to close this case.

**SO ORDERED.**

Dated: November 16, 2021
    New York, New York

_____
JAMES L. COTT
United States Magistrate Judge